ORVILLE BROWN ET AL., PLAINTIFFS-RESPONDENTS, v.
ARNOLD LASSEFF, DEFENDANT-APPELLANT; JAMES
RUSSO ET AL., DEFENDANTS.

Argued May 23, 1933—Decided September 27, 1933.

For the appellant, *Pomerehne, Laible & Kautz.*

For the respondents, *Quinn, Parsons & Doremus.*

The opinion of the court was delivered by

DONGES, J. This appeal brings up two judgments of the
Supreme Court, entered on verdicts of a jury after trial at
the Monmouth Circuit.

The cause of action arises out of the same collision which
resulted in a verdict and judgment for one Hoffman against
Lasseff and Russo, which was reversed as to Lasseff in this
court. *Hoffman* v. *Lasseff,* 110 *N. J. L.* 122. The proofs
in that case differed materially from those in the case under
consideration here.

The appellant Lasseff urges three grounds for reversal:

1. The trial court erred in refusing to direct a verdict for
appellant.

2. Errors in the charge of the trial judge.

3. The verdict was contrary to the weight of the evidence.

1. The defendant Russo testified that he was instructed by
one Steinman to take Steinman's Cadillac car, which was in

a garage; that, being unable to start the Cadillac car, Russo took a Packard car, which admittedly belonged to the defendant Lasseff; that he did not know Lasseff and that he was operating the car solely on his own business, without the knowledge or approval of Lasseff.

The testimony of Russo and the witnesses for defendants was contradictory. There was testimony from which it might be concluded that defendant Lasseff was in the car at the time of the accident. A curious circumstance is that a man, who fitted exactly the description of appellant given by Mrs. Lasseff on the witness stand, handed the registration card for the Packard car to a police officer in a doctor's office after the accident. There were many circumstances which tended to contradict Russo's story. Lasseff never made any effort to secure recompense from Russo for damages to his car, or to bring him to account for his unauthorized use of the car. His attitude affords strong reason to believe Russo's driving of the car had his full approval. Lasseff and several occupants of appellant's car when the collision occurred did not testify at either trial. The attempt to account for Lasseff's apparent indifference to the outcome of the trials because of his absence in Europe on each occasion was so thoroughly discredited as not to be worthy of any credence. It was testified that he brought his car to the garage where Russo got it just a few days before the collision.

A careful reading of the testimony leaves no doubt that the action of the trial judge in refusing to direct a verdict for the appellant was correct. A question of fact as to whether Russo was operating the car for Lasseff was presented by the testimony.

2. It is urged that the trial judge erred in his charge to the jury. A single exception was taken to what the trial court said. This exception was to what the trial judge said about the "mysterious atmosphere" of the case. There was nothing improper or harmful in what the court said upon this question, nor are we able to discover any harmful error in the charge as a whole. The case was left to the jury upon proper instructions.

3. This court will not determine the weight of the evidence on appeal, but only whether there is any evidence to raise an issue of fact.

The judgments under review will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.